UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG - 6 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DAVID M. COIA, )
)
Plaintiff, )
)
v. ) Civil Action No. 08 1354
)
VETERANS ADMINISTRATION )
)
Defendant. )
)

## MEMORANDUM OPINION

Plaintiff, a homeless veteran of the Navy, has filed a *pro se* complaint and an application to proceed *in forma pauperis*. His application will be granted, but his complaint will be dismissed without prejudice for lack of jurisdiction.

The complaint seeks one billion dollars "to point out" that the Veterans Administration, now known as the U.S. Department of Veterans Affairs, is "a total waste of tax dollars[.] [T]hey have no incentive to get proper living conditions for a veteran in USA. [T]hey use history of veteran to have their job but don't represent them at all[.] [T]hey do menial work that look[s] fair but read between the lines they are really against veterans[,] making them feel very expendable . . . used[,] tossed aside[.] I[,] as a US veteran (Navy) (handicapped)[,] was never helped to get a decent apartment." (Compl. at 1.) "I say let[']s obliterate VA para[s]ite." (*Id.* at 3.)

While the complaint expresses extreme frustration with the failure of the Veterans Administration to help plaintiff locate acceptable safe housing or assist plaintiff in other ways, and describes deplorable living conditions for the homeless plaintiff, it does not identify any



3

specific law that was violated or any specific benefit to which plaintiff was entitled but was denied. Furthermore, to the extent this *pro se* complaint might be read to state a claim for benefits to which plaintiff may be entitled as a veteran, this court lacks jurisdiction to entertain that claim. The determination of veterans' benefits is by law committed exclusively to the Secretary of the Veterans Administration and is not subject to judicial review by any district court. *See* 38 U.S.C. § 511. The sole exception to this rule is where a plaintiff presents a facial attack on the constitutionality of an act of Congress relating to veterans' benefits. *See Brown v. Dep't of Veterans Affairs*, 451 F. Supp. 2d 273, 279-80 (D. Mass. 2006) (discussing that a district court's jurisdiction over issues relating to veterans benefits is limited to hearing a facial challenge to legislation affecting veterans' benefits).

Accordingly, the complaint will be dismissed without prejudice for want of jurisdiction. A related Order accompanies this Memorandum Opinion.

Date: July 30, 2008

United States District Judge